IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOYCELYN RENAY PATTERSON, | § | |
| TDCJ #0127064, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-2098 |
| | § | |
| DOUG DRETKE, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

The petitioner, Joycelyn Renay Patterson, is currently in custody of the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Patterson has filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254, seeking relief from a state court conviction. The respondent has filed an answer, arguing that Patterson is not entitled to federal habeas corpus relief. After considering all of the pleadings and state court records, as well as the applicable law, the Court **denies** the petition for habeas corpus relief and **dismisses** this case for reasons that follow.

## I.    BACKGROUND AND PROCEDURAL HISTORY

A state grand jury for Jackson County, Texas, returned an indictment against Patterson on June 23, 2004, charging her with two counts of delivering a controlled substance, namely, cocaine, within a designated drug-free school zone. *See State of Texas v. Patterson*, Cause No. 04-6-7035. On October 14, 2004, Patterson pled guilty to one of those counts in a state

district court sitting in Jackson County, Texas, in exchange for a two-year prison sentence. She did not file an appeal.

In January of 2005, Patterson filed a state application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure to challenge her guilty plea. In that application, Patterson complained that her guilty plea was unlawfully coerced, that she was denied effective assistance of counsel during her guilty plea proceeding, and that the trial judge improperly refused to allow her to withdraw her guilty plea and appoint a new attorney for trial. The Texas Court of Criminal Appeals denied habeas corpus relief without a written order. *See Ex parte Patterson*, No. 61,590-01 (May 25, 2005).

With the aid of retained counsel, Patterson has now filed a federal petition for habeas corpus relief under 28 U.S.C. § 2254, presenting the same claims raised at the state level. The respondent argues that Patterson has failed to demonstrate that she is entitled to relief under the governing federal habeas corpus standard. The parties' contentions are addressed below under the governing standard of review.

## II.   STANDARD OF REVIEW

The federal writ of habeas corpus is an extraordinary remedy, which shall not extend to any prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3), 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness").

The pending federal habeas corpus petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996).  *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997) (holding that the AEDPA applies to those habeas corpus petitions filed after its effective date of April 24, 1996).  Embodying the principles of federalism, comity, and finality of judgments, the AEDPA, codified as amended at 28 U.S.C. § 2254(d), "substantially restricts the scope of federal review of state criminal court proceedings." *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000), *cert. denied*, 532 U.S. 1067 (2001).  Specifically, the AEDPA has "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

Patterson's claims concerning were raised on state habeas corpus review and rejected by the Texas Court of Criminal Appeals.  *See Ex parte Patterson*, No. 61,590-01 (Tex. Crim. App. May 25, 2005).  As a matter of law, a denial of relief by the Court of Criminal Appeals serves as an adjudication on the merits of the claim.  *See Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir.) (citing *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997)), *cert. denied*, 531 U.S. 849 (2000); *see also Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999) (noting that, under Texas law, a denial of relief rather than a dismissal of the claim by the Court of Criminal Appeals disposes of the merits of a claim).  Accordingly, the federal habeas corpus standard of review, as amended by the AEDPA, applies to the petitioner's

3

claims as long as they were adjudicated on the merits and not dismissed for procedural reasons.[1] *See Haley v. Cockrell*, 306 F.3d 257, 263 (5th Cir. 2002) (citing *Valdez v. Cockrell*, 274 F.3d 941, 946-48 (5th Cir. 2001)); *see also Fisher v. Texas*, 169 F.3d 295, 300 (5th Cir. 1999) (concluding that when a state habeas corpus court rejects a petitioner's claim on procedural grounds, there has not been an "adjudication on the merits" as contemplated by the AEDPA).

The provisions of 28 U.S.C. § 2254(d), as amended by the AEDPA, set forth a "highly deferential standard for evaluating state-court rulings, . . . , which demands that state court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (internal citation omitted). For claims adjudicated on the merits, the AEDPA's amendments provide that a petitioner is not entitled to relief unless the state court's adjudication:

1.   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2.   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[1]   Additionally, pre-AEDPA precedent forecloses habeas corpus relief if any of the following circumstances are present: (1) the claim is barred as a consequence of the petitioner's failure to comply with state procedural rules, *Coleman v. Thompson*, 501 U.S. 722 (1991); (2) the claim seeks retroactive application of a new rule of law to a conviction that was final before the rule was announced, *Teague v. Lane*, 489 U.S. 288 (1989); or (3) the claim asserts trial error that, although of constitutional magnitude, did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).

28 U.S.C. § 2254(d).  Courts are to review pure questions of law and mixed questions of law and fact under § 2254(d)(1).  *See Martin v. Cain*, 246 F.3d 471, 475 (5th Cir.), *cert. denied*, 534 U.S. 885 (2001).  Under the first ("contrary to") clause, a federal district court may grant habeas relief only if the state court decided a case differently from how the United States Supreme Court decided a case on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Under the second ("unreasonable application") clause, a court may grant habeas relief only if the state court correctly divined a legal principle from the Supreme Court's jurisprudence, but misapplied that principle to the facts.  *See id*.

Section 2254(d)(2) governs pure questions of fact.  *See Moore v. Johnson*, 225 F.3d 495, 501, 504 (5th Cir. 2000). Under this subsection, federal courts must give deference to state court findings of fact unless they are based on an unreasonable interpretation of the evidence presented in the state court proceeding.  *See Brewer v. Dretke*, 410 F.3d 773, 775 (5th Cir. 2005) (citing *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000) (as modified on denial of rehearing)).  In addition, any factual findings made by the state court in deciding a petitioner's claims are presumed correct under 28 U.S.C. § 2254(e)(1), unless the petitioner rebuts those findings with "clear and convincing evidence to the contrary."  *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002).

The burden is on the petitioner to show that she is entitled to relief under the highly deferential AEDPA framework that controls this case.  *See DiLosa v. Cain*, 279 F.3d 259, 262 (5th Cir. 2002). Although Patterson is represented by counsel in this matter, she has not

presented a memorandum in support of her claims and she has made no effort to demonstrate how she merits relief under the AEDPA standard found in § 2254(d).  For this reason alone, Patterson fails to establish that she is entitled to federal habeas corpus relief.  Nevertheless, Patterson's claims are reviewed briefly below in light of the applicable law.

## III.   DISCUSSION

### A.   Involuntary Guilty Plea

Patterson's primary complaint is that her guilty plea was involuntary because she was "intimidated" and coerced by her defense counsel.  A guilty plea will be upheld on collateral review if entered into voluntarily, intelligently, and knowingly.  *Montoya v. Johnson*, 226 F.3d 399, 405 (5th Cir. 2000) (citing *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995)).  The test for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970).  To prevail, Patterson must show that her plea was "so much the product of . . . misunderstanding, duress, or misrepresentation by others as to make the guilty plea a constitutionally inadequate basis for imprisonment." *Blackledge v. Allison*, 431 U.S. 63, 75 (1977).  As set forth below, the record in this case undercuts any claim by Patterson that her plea was not voluntarily or knowingly made.

As noted above, the indictment in this case charged Patterson with two counts of delivering cocaine within a drug-free school zone.  Under Texas law at the time, this offense was a third degree felony subject to punishment of between two and ten years' imprisonment.

*See* TEX. PENAL CODE § 12.34.  The transcript of the guilty plea proceeding shows that,
although Patterson waived a reading of the indictment, the trial court explained the charge
to her and the potential range of punishment.  (Court Reporter's Record, *Defendant's Plea*,
at 3-4).  The trial court also inquired whether Patterson understood that she was waiving her
right to a jury trial, among other things, to ensure that Patterson knew the consequences of
her guilty plea.  (*Id.*).

Patterson does not complain that she was uninformed of the charges against her or the
applicable punishment range, and she does not contend that her rights were inadequately
explained.  Instead, she complains that her defense counsel intimidated or coerced her to
enter a guilty plea.  The record shows that Patterson entered a guilty plea before Judge
Stephen Williams on October 14, 2005.  (Court Reporter's Record, *Defendant's Plea*, at 1).
When Judge Williams inquired as to Patterson's plea to the charges of delivery of a
controlled substance within a drug-free school zone, she expressed some initial confusion
about the difference between pleading guilty and *nolo contendere*.  While the difference was
explained, Patterson interrupted the trial court twice to persist in pleading guilty:

| | |
|---|---|
| COURT: | . . . If you go forward with that *nolo contendere* plea, the State is going to ask you some questions about the factual allegations in the indictment, and the State is going to get you to agree or stipulate that if they put witnesses on, that those witnesses would prove up your guilt.  Now – |
| PATTERSON: | Guilty, Your Honor. |
| COURT: | Well, I'm not trying to talk you into it one way or the other. This is a decision that is yours and it's not mine and it's not |

7

> [defense counsel] Mr. Villafranca's decision.  He can give you
> advice, but it's ultimately your decision, so –
>
> PATTERSON:        Guilty, Your Honor.

(Court Reporter's Record, *Defendant's Plea*, at 5-6).  The transcript reflects that Patterson

insisted on pleading guilty and that her decision to do so was freely and voluntarily made:

> COURT:        Now, has anyone forced you or threatened you to get you to
> make that plea here today?
>
> PATTERSON:        No, Your Honor.
>
>                                * * * *
>
> COURT:        . . . I have to ask, Mrs. Patterson, have there been any threats or
> has anyone forced you to do this plea, or are you doing the plea
> freely and voluntarily?
>
> PATTERSON:        Freely and voluntarily, sir.
>
> COURT:        Now, other than the proposed punishment recommendation from
> the State, have any promises been made to you?
>
> PATTERSON:        No, Sir.

(Court Reporter's Record, *Defendant's Plea*, at 6-7).

The record in this case establishes that Patterson was fully admonished about the

nature of the charges, her constitutional rights, and the consequences of entering a guilty

plea.  The record further reflects that Patterson was informed of the applicable sentencing

range.  The assurances of voluntariness given by Patterson in open court demonstrate that her

decision to plead guilty was freely and knowingly made.  The United States Supreme Court

has held that "solemn declarations in open court carry a strong presumption of verity."

*Blackledge v. Allison*, 431 U.S. 63, 74 (1977).  Patterson presented no evidence to rebut this presumption at the state level, and she includes none here that would shake the state habeas corpus court's decision to reject her claim. Because the record establishes that Patterson's guilty plea was voluntarily and knowingly made, Patterson has not demonstrated that the state court's decision to reject her claim was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent.  Accordingly, Patterson is not entitled to federal habeas corpus relief on this issue.

    **B.**    <u>**Ineffective Assistance of Counsel**</u>

       Patterson complains that her defense counsel, Mr. Tali Villafranca, was ineffective during the course of her guilty plea proceeding because he did not perform any meaningful pretrial investigation, he did not propound any discovery to the State, and he did not advocate Patterson's desire for a jury trial.  Claims for ineffective assistance of counsel are analyzed under the well-settled standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail under the *Strickland* standard, a defendant must demonstrate both constitutionally-deficient performance by counsel and actual prejudice as a result of the alleged shortcoming. *See Williams v. Taylor*, 529 U.S. 390, 390-91 (2000).   Counsel's performance is constitutionally deficient if it falls below an objective standard of reasonableness. *See United States v. Bass*, 310 F.3d 321, 325 (5th Cir. 2002).  To prove prejudice, the defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*  "Unless a defendant makes both

showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that rendered the result unreliable." *Strickland*, 466 U.S. at 687.

Patterson's complaints about her defense counsel's alleged failure to engage in pretrial investigation or discovery are likewise without merit. A habeas corpus petitioner who alleges a failure to investigate on the part of his counsel must state with specificity what the investigation would have revealed and how it would have would have benefitted his defense. *See United States v. Glinsey*, 209 F.3d 386, 393 (5th Cir.) (citing *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989)), *cert. denied*, 531 U.S. 931 (2000); *Creel v. Johnson*, 162 F.3d 385, 396 (5th Cir. 1998), *cert. denied*, 526 U.S. 1148 (1999); *Moawad v. Anderson*, 143 F.3d 942, 948 (5th Cir.), *cert. denied*, 525 U.S. 952 (1998). Patterson fails to indicate what "meaningful pretrial investigation" would have revealed in aid of her case. Likewise, she does not specify what type of discovery her counsel should have propounded, or suggested what results, if any, those discovery requests would have revealed. The Fifth Circuit has made clear that conclusory ineffective-assistance claims the type made by Patterson do not merit a federal habeas corpus relief. *See, e.g.*, *Collier v. Cockrell*, 300 F.3d 577, 587 (5th Cir. 2002) ("This Court has made clear that conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding.") (citing *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000)), *cert. denied*, 537 U.S. 1084 (2002); *Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998) ("Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional

issue."); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (holding that the petitioner's conclusory allegations failed to establish a valid ineffective assistance of counsel claim).

Patterson's complaint that her counsel erred by failing to seek a jury trial on her behalf is without merit for reasons outlined above.  In that respect, Patterson's claim that her attorney was deficient for failing to pursue a jury trial is undermined by the voluntary character of her guilty plea.  When asked by the trial court, Patterson responded affirmatively that she was satisfied with the representation provided by Villafranca.  (Court Reporter's Record, *Defendant's Plea*, at 4).  This record does not disclose either deficient performance on counsel's part or actual prejudice to Patterson.

Absent a showing that her counsel's performance was deficient, or that she was actually prejudiced as a result, Patterson has not shown that the state court's decision to reject her ineffective-assistance claims was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent.  Accordingly, Patterson is not entitled to federal habeas corpus relief on her claim that she received ineffective assistance of counsel during her guilty plea proceeding.

### C.   Refusal to Withdraw the Plea

After entering her guilty plea before Judge Williams, Patterson appeared for sentencing before another state district judge, the Honorable Joseph Kelly, on November 8, 2004.  At sentencing, Patterson made an oral request for leave to withdraw her guilty plea.

Patterson argues that she is entitled to federal habeas corpus relief because the trial court unfairly denied her request.

The record shows that Patterson sought leave to withdraw her plea because she was dissatisfied with her defense counsel, Mr. Villafranca, who she believed was unprepared or unwilling to take her case to trial:

COURT:          All right, Ms. Patterson, you wanted to address the Court?

PATTERSON:     Yes, sir.  I would like to go on record as to – I would like to withdraw my plea of guilty due to the following reasons: my attorney at the time told me that Judge Williams would not let me obtain a new lawyer for trial.

Is it alright if I look at my notes?

VILLAFRANCA:  Yeah, you can go ahead and look at your notes.

PATTERSON:     Okay.  The plea is not voluntarily [sic] due to the fact that I was forced to sign the papers because my lawyer told me that Judge Williams would not let me go to trial.  My current counsel, Mr. Villafranca has  not done any discovery in my case.  He has not counseled with me about formatting [sic] any defense concerning my case and he was only interested in getting a plea.

(Court Reporter's Record, *Sentencing*, at 4).  Based on her dissatisfaction with Villafranca's performance, Patterson requested leave to withdraw her plea under Articles 26.13 and 27.13 of the Texas Code of Criminal Procedure.  (*Id.*)  The trial court denied that request.  (*Id.* at 5).

Article 26.13 of the Texas Code of Criminal Procedure governs the admonishments required to be given under Texas law prior to accepting a guilty plea.  Patterson does not

allege or show that the trial court failed to comply with Article 26.13, and the record reveals no deficiencies. Article 27.13 of the Texas Code of Criminal Procedure simply authorizes a plea of "guilty" or "nolo contendere" in a felony case. Patterson fails to show that the trial court's decision to deny leave to withdraw the plea was improper under either of the state statutes cited by her in support of her request. Even if the trial court's decision was erroneous, the Supreme Court has held repeatedly that "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

Patterson points to no Supreme Court precedent holding that there is an absolute right to withdraw a guilty plea once it has been accepted. The Fifth Circuit has recognized as thta there is no such right. *See United States v. Glinsey*, 209 F.3d 386, 397 (5th Cir.) (stating that "[t]here is no absolute right to withdraw a guilty plea") (quoting *United States v. Grant*, 117 F.3d 788, 789 (5th Cir. 1997)), *cert. denied*, 531 U.S. 919 (2000). The Supreme Court has recognized that, under the rules governing criminal proceedings in federal court, a defendant may not withdraw his guilty plea unless he shows a "fair and just reason" for doing so. *United States v. Hyde*, 520 U.S. 670, 671 (1997) (discussing circumstances under which a defendant may withdraw his plea under Rule 32(3) of the Federal Rules of Criminal Procedure). The decision whether to permit withdrawal of a plea of guilty is discretionary. *See Grant*, 117 F.3d at 789. In determining a motion to withdraw a guilty plea, federal courts in this circuit consider seven factors set forth in *United States v. Carr*, 740 F.2d 339, 343-44

13

(5th Cir. 1984), namely, whether: (1) the defendant asserted his innocence, (2) withdrawal would prejudice the government, (3) the defendant delayed in filing the withdrawal motion, (4) the withdrawal would inconvenience the court, (5) adequate assistance of counsel was available, (6) the plea was knowing and voluntary, and (7) withdrawal would waste judicial resources. *See United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001).

In this instance, Patterson insists that she should have been allowed to withdraw her guilty plea because her trial counsel's deficient performance rendered her decision involuntary. As noted above, however, Patterson has not demonstrated that her guilty plea was involuntarily made or that she was actually prejudiced by the deficient performance of her counsel. She has not asserted her innocence or attempted to meet any of the other factors referenced above that might support the withdrawal of a guilty plea under governing standards. *See Carr*, 740 F.2d at 343-44. It follows that she has failed to show that the trial court erred by refusing to allow her to withdraw her guilty plea.

After considering the entire record, the Court concludes that Patterson has failed to show that the state court's decision to deny habeas corpus relief on this issue was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent. Accordingly, Patterson is not entitled to federal habeas corpus relief on her claim that the trial court erred by refusing to allow her to withdraw her guilty plea and to appoint new counsel to represent her at a trial. Because the claims raised by the petitioner lack merit, the

petition lacks an arguable basis in law and is subject to dismissal for that reason.  *See*

*McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998).

## IV.   CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA,

codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an

appeal may proceed.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that

actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability),

*cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997).  "This is a jurisdictional

prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues

a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'"

*Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, *sua sponte*, without requiring

further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

The Court has carefully considered all of the pleadings and the entire record.  Based on this

review, and for the reasons set forth above, the Court concludes that jurists of reason would

not debate whether any of the procedural rulings are correct, or whether any assessment of

the above-referenced constitutional claims is debatable or wrong.  Because the petitioner has

failed to make "a substantial showing of the denial of a constitutional right," a certificate of

appealability will not issue in this case.

V.    **CONCLUSION**

The petitioner has failed to establish a legal basis for the relief that she seeks.

Accordingly, for all of the foregoing reasons, the Court **ORDERS** as follows:

1.    The petition for a writ of habeas corpus under 28 U.S.C. § 2254 is **DENIED** and this case is **DISMISSED** with prejudice.

2.    A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on December 22nd, 2005.

Nancy F. Atlas
United States District Judge

16